## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

KYDERE WILSON,

               Plaintiff,

v.

CAMDEN COUNTY DEPARTMENT OF
CORRECTIONS,

               Defendant.

**Civ. Action No. 25-2656 (JXN) (SDA)**

**<u>OPINION</u>**

<u>**NEALS**, District Judge</u>

Before the Court is *pro se* Plaintiff Kydere Wilson's ("Plaintiff") civil rights Amended Complaint ("Amended Complaint")[1], filed pursuant to 42 U.S.C. § 1983 (ECF No. 2), and an application to proceed *in forma pauperis* (ECF No. 2-1). The Court grants Plaintiff leave to proceed *in forma pauperis* and orders the Clerk of the Court to file the Amended Complaint.

The Court must now review the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons stated herein, Plaintiff's Eighth Amendment sexual assault claim against Defendant Lindsey may proceed and the remainder of

---

[1] Plaintiff filed an initial Complaint in this matter. (ECF No. 1.) Before the Court had the opportunity to screen the initial Complaint, Plaintiff filed an Amended Complaint. (ECF No. 2.) An amended complaint generally supersedes and replaces an original complaint. However, considering Plaintiff's *pro se* status, the Court will consider the facts alleged in the initial Complaint as incorporated in the Amended Complaint.

the claims are dismissed without prejudice for failure to state a claim upon which relief may be granted.

## I.  BACKGROUND[2]

Plaintiff, a pretrial detainee confined in Camden County Correctional Facility ("CCCF"), in Camden, New Jersey, filed an initial Complaint in this matter. (ECF No. 1.) Prior to the Court's screening of the Complaint, Plaintiff filed an Amended Complaint. (ECF No. 2.) While the Amended Complaint names only Camden County Department of Corrections[3] in the caption, the Court construes the Amended Complaint as seeking to raise claims against (1) Camden County; (2) Officer Lindsey ("Lindsey"); (3) Sergeant Rojas ("Rojas"); (4) Internal Affairs Investigator Tyler Fermandes ("Fermandes"); and (5) CCCF medical staff. (*See generally* ECF Nos. 1 and 2.) The Amended Complaint raises the following claims: (1) § 1983 Fourteenth Amendment sexual assault claim against Defendant Lindsey; (2) § 1983 *Monell*[4] claim against Defendant Camden County; (3) § 1983 Fourteenth Amendment failure to protect claim against Defendants Rojas and Fermandes; and (4) § 1983 Fourteenth Amendment deliberate indifference claim against CCCF medical staff. (*See id.*)

According to the Amended Complaint, Plaintiff has been "raped on many occasions due to [] being transgender." (ECF No. 1 at 5.) Plaintiff claims that the most recent assault was by Officer Lindsey and Plaintiff "gave his semen to Internal Affairs." (*Id.*; ECF No. 2 at 3.) Plaintiff submits that they informed prison staff that they cannot be alone because Plaintiff is mentally unstable due

---

[2] The Court construes the factual allegations of the Complaint as true for the purposes of this screening only.
[3] Plaintiff names Camden County Department of Corrections. It is unclear if Plaintiff wishes to raise a claim against Camden County or CCCF. The Court construes the Amended Complaint as raising a claim against Camden County. However, any potential claim against CCCF would be dismissed with prejudice, as a county jail is not a "person" amenable to suit under § 1983. *See, e.g.*, *Coleman v. Corizon Med.*, No. 18-4611, 2019 WL 5704501, at *3 (D.N.J. Nov. 5, 2019); *Walker v. Cty. of Gloucester*, No. 15-7073, 2018 WL 1064210, at *3 (D.N.J. Feb. 27, 2018) (collecting cases); *see also Boomer v. Lewis*, 541 F. App'x 186, 192 (3d Cir. 2013).
[4] *Monell v. Department of Social Services*, 436 US. 658 (1978).

to the rape, and Sergeant Rojas placed Plaintiff in a single cell. (ECF No. 1 at 5.) Plaintiff also claims that "medical started giving [Plaintiff] [five] medications that [Plaintiff] was allergic to and it hurt [Plaintiff's] body but they refused to call for help." (*Id.*) In the Amended Complaint, Plaintiff submits that Internal Affairs Investigator Tyler Fermandes was informed of the rape and allowed Officer Lindsey to stay around Plaintiff. (ECF No. 2 at 5.) Finally, Plaintiff alleges that Camden County Department of Corrections "violated [Plaintiff's] rights because they allowed this Officer Lindsey to come back around [Plaintiff]." (*Id.*) Plaintiff seeks monetary damages. (*Id.*)

## II.    STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which the court may grant relief or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III.    DISCUSSION

In the Complaint, Plaintiff alleges Defendants are liable to him under 42 U.S.C. § 1983. (*See generally* ECF Nos. 1 and 2.) A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to obtain relief under § 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each

defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Here, the Court construes Plaintiff's Amended Complaint to allege claims for relief against Defendants Lindsey, Camden County, Rojas, Fermandes, and CCCF medical staff.

### A. Failure to State a Claim

#### 1. Fourteenth Amendment Sexual Assault—Defendant Lindsey

The Court construes the Amended Complaint as bringing a Fourteenth Amendment claim against Defendant Lindsey for sexual assault. (ECF No. 2 at 5.)

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees. *Jacobs v. Cumberland Cty.*, 8 F.4th 187, 193-94 (3d Cir. 2021) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). A sexual assault claim is analyzed in the same manner as an excessive force claim. *See Ricks v. Shover*, 891 F.3d 468, 473-74 (3d Cir. 2018) (stating that although the Supreme Court has not addressed sexual abuse of inmates by prison officials, courts have held that the framework for excessive force claims "has evolved to encompass claims for sexual abuse and harassment by prison officials as well"). In *Graham v. Connor*, the Supreme Court explained that it was "clear" that the Fourteenth Amendment protects pretrial detainees from "the use of excessive force that amounts to punishment." 490 U.S. 386, 395 n.10 (1989).

Claims for sexual abuse and harassment are evaluated similarly to excessive force claims in that the prisoner must allege facts plausibly establishing both objective and subjective components. *Ricks*, 891 F.3d at 475 (stating that the misconduct "must be objectively, sufficiently intolerable and cruel, capable of causing harm, and the official must have a culpable state of mind"). Regarding the subjective component, the Court "consider[s] whether the official had a legitimate penological purpose or if he or she acted 'maliciously and sadistically for the very

purpose of causing harm.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). Regarding the objective prong, the Court considers whether the action is "repugnant to the conscience of mankind" or whether it is "sufficiently serious or severe." *Id.* at 475-76 (citations omitted).

Plausible allegations of sexual assault meet the standard of impermissible punishment because sexual assault cannot and does not serve a legitimate governmental objective. In *E.D. v. Sharkey*, the United States Court of Appeals for the Third Circuit concluded that an immigration detainee, who is entitled to the same due process protections as pretrial detainees, had a clearly established right "not to be sexually assaulted by a state employee while in confinement," and the detainee's sexual assault allegations against the employee "set forth a plausible violation of her right to personal bodily integrity protected by the Due Process Clause of the Fourteenth Amendment." 928 F.3d 299, 307 (3d Cir. 2019) (stating that the alleged sexual assault "could not have served a legitimate governmental objective and thereby constituted impermissible punishment.").

Here, Plaintiff alleges a plausible claim under the Fourteenth Amendment for sexual assault against Defendant Lindsey. Plaintiff alleges that Defendant Lindsey "raped" Plaintiff. (ECF No. 2 at 5.) This allegation plausibly states both the objective and subjective components of a sexual assault claim. Therefore, the Court will permit Plaintiff to proceed on the Fourteenth Amendment sexual assault claim against Defendant Lindsey.

### 2. *Monell* Claim—Camden County

Plaintiff names Camden County in the Amended Complaint and alleges that Plaintiff has been sexually assaulted and their "rights are constantly neglected." (ECF No. 2 at 3.) The Court construes the Amended Complaint as asserting a *Monell* claim against Defendant Camden County.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987). The liability of a municipality, like Camden County, under 42 U.S.C. § 1983 is governed by *Monell*. Camden County may not be found liable simply because it employs wrongdoers. *See id.* at 691-92; *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583 (3d Cir. 2003). Instead, Plaintiff must assert facts showing that the County had a relevant policy or custom, and that the policy or custom caused a violation of Plaintiff's constitutional rights. *See Natale*, 318 F.3d at 583-84; accord *Jiminez v. All American Rathskeller, Inc.*, 503 F. 3d 247, 249 (3d Cir. 2007) (stating that a plaintiff must show a "direct causal link between a . . . policy or custom and the alleged constitutional deprivation.") (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

Here, Plaintiff fails to allege any facts regarding a Camden County policy that caused a violation of Plaintiff's constitutional rights. Rather, Plaintiff makes a conclusory allegation that their rights were violated. The Amended Complaint is devoid of any facts regarding a "custom, practice, procedure, or policy." As such, Plaintiff has failed to state a claim for relief against Camden County and the Amended Complaint is dismissed without prejudice against Camden County.

### 3. Fourteenth Amendment, Failure to Protect—Defendants Rojas and Fermandes

The Court construes the Amended Complaint as raising Fourteenth Amendment failure to protect claims against Defendants Rojas and Fermandes. Plaintiff alleges that they told "them that [Plaintiff] was mentally unstable" and Defendant Rojas still placed Plaintiff back in the single cell where the sexual assault occurred. (ECF No. 1 at 5.) Plaintiff submits that Internal Affairs

Investigator Tyler Fermandes was informed of the rape and allowed Officer Lindsey to stay around Plaintiff. (ECF No. 2 at 5.)

The Eighth Amendment of the Constitution imposes a duty on prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). "A prisoner has a valid failure-to-protect claim if the prison official shows 'deliberate indifference' to a substantial risk of serious harm to an inmate.'" *Thomas v. Cumberland County*, 749 F.3d 217, 223 n.4 (3d Cir. 2014) (quoting *Farmer*, 511 U.S. at 828). To be deliberately indifferent, a prison official must both "'know[ ] of and disregard an excessive risk to inmate health or safety.'" *Carter v. Lawler*, 446 F. App'x 420, 423 (3d Cir. 2011) (quoting *Farmer*, 511 U.S. at 834). The Third Circuit, in nonprecedential opinions, applies the Eighth Amendment deliberate indifference standard to failure to protect claims brought by pretrial detainees under the Fourteenth Amendment. *Milton v. Clinton Cnty. Corr. Facility*, No. 21-cv-01479, 2022 WL 2823562, at *3 (M.D. Pa. July 19, 2022) (collecting cases).

Plaintiff fails to state a claim for relief against Defendant Rojas. Plaintiff alleges only that Plaintiff told "them" that Plaintiff was mentally unstable. Plaintiff does not allege facts to show whom they informed regarding their mental instability. The Amended Complaint lacks facts that show Defendant Rojas was informed of Plaintiff's mental state. Plaintiff fails to plead facts that Defendant Rojas knew of an excessive risk to Plaintiff and was deliberately indifferent to that risk. *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (explain that plaintiff must show defendant's deliberate indifference to the risk). As such, any claim against Defendant Rojas is dismissed without prejudice for failure to state a claim under § 1915A(b)(1).

Regarding Defendant Fermandes, Plaintiff alleges only that Defendant Fermandes was informed of the rape after it had occurred and makes a conclusory allegation that Fermandes allows Defendant Lindsey to be around Plaintiff. The Amended Complaint lacks facts that show in what capacity Defendant Lindsey works around Plaintiff or how he is a current risk to Plaintiff. *Parkell v. Markell*, 622 F. App'x. 136, 139 (3d Cir. 2015); *see also Iqbal*, 556 U.S. at 678 (unadorned conclusions or bald assertions insufficient to state a claim for relief). Plaintiff does not plead facts to show that Defendant Fermandes was aware of a current excessive risk of harm to Plaintiff and disregarded said risk. Thus, Plaintiff fails to provide anything but conclusory allegations as to Defendant Fermandes' deliberate indifference and said claim must be dismissed without prejudice for failure to state a claim. *Parkell*, 622 F. App'x. at 139; *see also Iqbal*, 556 U.S. at 678.

### 4.  Fourteenth Amendment, Deliberate Indifference—Defendant CCCF Medical Staff

The Court construes the Amended Complaint as raising a claim for Fourteenth Amendment deliberate indifference to Plaintiff's medical needs against CCCF medical staff. (ECF No. 1 at 5.) Plaintiff alleges that "medical started giving [Plaintiff] [five] medications that [Plaintiff] was allergic to and it hurt [Plaintiff's] body but they refused to call for help." (*Id.*)

The Due Process Clause of the Fourteenth Amendment applies to pretrial detainees' claims of inadequate medical care. *Bocchino v. City of Atlantic City*, 179 F. Supp. 3d 387, 403 (D.N.J. 2016). To state such a claim, a pretrial detainee must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

Here, Plaintiff fails to allege facts against any particular member of the medical staff. Rather, Plaintiff makes a vague allegation that Plaintiff was given medication they were allergic

to. Plaintiff fails to submit facts regarding what medical treatment had been provided to Plaintiff and if the medical staff were informed of any allergic reaction. As such, any Fourteenth Amendment deliberate indifference claim is dismissed without prejudice for failure to state a claim for relief under § 1915A(b)(1).

IV.    **CONCLUSION**

For the reasons set forth above, Plaintiff's Fourteenth Amendment sexual assault claim against Defendant Lindsey may proceed. The remainder of the Amended Complaint is **DISMISSED without prejudice**. An appropriate Order follows.

DATED: July 14, 2025

**JULIEN XAVIER NEALS**
United States District Judge